IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LISA GRAVES and ) | |
| SCOTTIE LEE GRAVES, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | 1:12CV196 |
| ) | |
| DARRIS BISHOP SELLARS, ) | |
| BELK DEPARTMENT STORE, ) | |
| STEVEN KANE, and ) | |
| DURAND BAILEY. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion for Appointment of Counsel [Doc. #13] filed by Lisa Graves ("Mrs. Graves") and Scottie Lee Graves ("Mr. Graves") ( collectively, "Plaintiffs") and a Motion to Dismiss [Doc. #9] filed by Darris Bishop Sellars ("Defendant Sellars"), Belk Department Store ("Defendant Belk"), Steven Kane ("Defendant Kane"), and Durand Bailey ("Defendant Bailey") (collectively, "Defendants"). The Court will address each Motion in turn.

I.   PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL

"The Constitution does not compel the appointment of counsel in civil cases." Lowery v. Bennett, No. 11-6425, 2012 WL 3218006, at *6 (4th Cir. Aug. 9, 2012). However, the Court may, in its discretion, "request an attorney to represent any person unable to afford counsel."

28 U.S.C. § 1915(e)(1); Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel under section 1915 "is a privilege and not a right" and is "a matter within the discretion of the District Court"). Courts should exercise their discretion in this regard only where the plaintiff has shown "exceptional circumstances." Lowery, 2012 WL 3218006, at *6. "Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989)).

In the present case, Plaintiffs seek appointment of counsel based on their contentions that they do not have "the knowledge to adequately prepare legal memorandums [sic] and briefs" and that Mr. Graves had knee surgery that limited his mobility, making him unable to "visit any law library or research." (Pls.' Mot. at 1). Defendants oppose Plaintiffs' Motion, contending that Mr. Graves' surgery does not provide an "exceptional circumstance" under which the Court should exercise its discretion to appoint counsel in this case. Defendants further contend that Plaintiffs have demonstrated the ability to proceed without counsel in this case. Specifically, Defendants contend that Plaintiffs timely filed a Response to Defendants' Motion to Dismiss, which includes citations to federal statutes and cases, and that Plaintiffs made this filing while Mr. Graves was allegedly immobile. Therefore, Defendants contend that Plaintiffs' actions in this case belie their contention that Mr. Graves' immobility has or will prevent Plaintiffs from researching and filing the necessary legal documents in this case. In addition, Defendants note that Mr. Graves has filed, and proceeded to various stages of

litigation in, over thirty (30) cases in Federal District Courts, many of which allege a civil rights violation pursuant to 42 U.S.C. § 1983, as is alleged in this case.

Based on the information presently before the Court, the Court finds that Plaintiffs have failed to show exceptional circumstances warranting appointment of counsel in this case. In so finding, the Court notes that Plaintiffs have demonstrated an ability to proceed thus far by timely filing the proper documents before this Court. In addition, the Court notes that the nature of this case is not so complex as to render Plaintiffs unable to proceed further without the assistance of counsel. Furthermore, Plaintiffs have failed to demonstrate how Mr. Graves' purported physical limitation has or will hinder or prevent Plaintiffs from proceeding without counsel, particularly in light of Mr. Graves' extensive experience filing actions before this and other Federal District Courts. Therefore, the Court will deny Plaintiffs' Motion for Appointment of Counsel.

II. DEFENDANTS' MOTION TO DISMISS

Plaintiffs filed suit against Defendants pursuant to 42 U.S.C. § 1983. In their Complaint, Plaintiffs allege that on October 14, 2011, Mrs. Graves "put clothes in a bag and walked out of Belk." (Compl. Sec. III). As she was walking to the car, she heard someone tell her to stop and saw Defendant Sellars approach her. Plaintiffs allege that, in compliance with Defendant Sellars' request, Mrs. Graves stopped and turned to go with Defendant Sellars, at which time Defendant Sellars started grabbing Mrs. Graves' arms and neck and began pushing her forward. Mrs. Graves alleges that Defendant Sellars "slung me out of my shoes[.] I started crying[,] I was in pain and very afraid at this time[,] and I involuntarily urinated on myself and begged him to

3

please stop." (Compl. Sec. III). Plaintiffs further allege that Defendant Sellars attempted to push Mrs. Graves over a rock, attempted to trip her, and told her to "shut up" on multiple occasions. After the Burlington police arrived, Mrs. Graves informed Police that she was injured. Mrs. Graves was thereafter taken to Alamance Regional Hospital, where she was prescribed Ibuprofen for her pain, before being taken to jail. Plaintiffs allege that the incident caused Mrs. Graves physical, emotional, and mental pain, "caused her and her husband to obtain counseling," and caused Plaintiffs to incur medical bills. (Compl. Sec III). Based on these allegations, Plaintiffs bring a claim against Defendants for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. Defendants now move to dismiss Plaintiffs' Complaint in its entirety. For the reasons set forth below the Court will grant in part and deny in part Defendants' Motion to Dismiss.

In their Motion to Dismiss, Defendants first contend that the present action is subject to abatement under the "prior action pending" doctrine. In support of their position, Defendants note that Plaintiffs previously filed a small claims action against Defendants Sellars and Belk in Alamance County, North Carolina, based on the same facts and circumstances present in this case. Defendants further contend that although the state Magistrate dismissed Plaintiffs' action pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, Plaintiffs appealed the state Magistrate's judgment to the state district court, such that the state court action remains pending. However, per the Court's request, Defendants recently provided the Court with information indicating that the prior state court action is now closed. Therefore, without making any determination as to the validity the "prior action pending" doctrine or its

4

potential applicability to this case, the Court finds that Defendants' contentions in this regard are now moot, and the Court will not consider such contentions further.

Defendants also contend that the Court should dismiss Plaintiffs' Complaint based on the doctrine of res judicata. In that regard, Defendants contend, as noted above, that Plaintiffs raised the same claims against Defendants Sellars and Belk in state court as those presented in this case, and that the state Magistrate issued a judgment dismissing Plaintiffs' case for failure to state a claim. As such, Defendants contend that the Magistrate's dismissal is a final judgment on the merits by a court of competent jurisdiction and, therefore, the claims now before this Court should be dismissed.

"For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 650 (4th Cir. 2005) (quotations and citation omitted). With regard to the first element, under the full faith and credit clause, federal courts are required "to give state court judgments the same preclusive effect as those judgments would be accorded by a court in the rendering state. This principle applies to federal civil rights actions following state court actions." Snell v. Mayor and City Council of Havre de Grace, 837 F.2d 173, 175 (4th Cir. 1988) (internal citation omitted). Therefore, to determine what preclusive effect the North Carolina Magistrate's judgment would have in the present case, the Court must look to North Carolina law. Under North Carolina law, an aggrieved party has the right to appeal a Magistrate's judgment for a trial *de novo* before the district court. N.C. Gen. Stat. § 7A-228(a).

5

When a party exercises his right to appeal to the district court, "'it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled.'" First Union Nat'l Bank v. Richards, 90 N.C. App. 650, 653, 369 S.E.2d 620, 622 (1988) (citation omitted). Assuming the appealing party does not abandon, withdraw, or dismiss the appeal, the prior Magistrate's ruling has no effect going forward. See id., 369 S.E.2d at 621.

In the present case, Defendants do not contend that Plaintiffs ever abandoned, dismissed, or withdrew their appeal for a *de novo* trial before the state district court. Rather, based on information presently before the Court, the state court matter at issue proceeded to an arbitration judgment dismissing Plaintiffs' action.[1] As such, the North Carolina Magistrate's judgment cannot form the basis of a final decision on the merits in this case and, therefore, cannot support dismissal of Plaintiffs' present case on res judicata grounds.[2]

Defendants further contend that Plaintiffs' Complaint should be dismissed for failure

---

[1] To the extent that Defendants contend that the state court arbitration judgment bars the present § 1983 action under the doctrine of res judicata, the Supreme Court has foreclosed that argument, stating:
> [A]lthough arbitration is well suited to resolving contractual disputes . . . it cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that § 1983 is designed to safeguard. As a result, according preclusive effect to an arbitration award in a subsequent § 1983 action would undermine that statute's efficacy in protecting federal rights.

McDonald v. City of West Branch, Michigan, 466 U.S. 284, 290, 104 S. Ct. 1799, 1803, 80 L. Ed. 2d 302 (1984).

[2] Because the Court has found that the state Magistrate's judgment does not serve as a final judgment on the merits, the Court need not address whether the remaining two elements of res judicata are met in this case.

6

to state a claim upon which relief can be granted. In support of this position, Defendants contend that, with regard to Defendants Kane, Bailey, and Belk, Plaintiffs have not only failed to allege *sufficient* facts to state a plausible claim against these three Defendants, but rather Plaintiffs have failed to state *any* facts or make any allegations regarding these three Defendants. With regard to Defendant Belk, Defendants contend that the Complaint only references Defendant Belk in the caption for this case, and in no other part of the Complaint. With regard to Defendants Kane and Bailey, Defendants contend that Plaintiffs merely list them as Defendants but allege no further facts regarding their connection to the present case. In addition, Defendants contends that Plaintiffs have failed to allege any connection between Defendant Sellars and Defendants Kane, Bailey, and Belk. Finally, Defendants contend that Plaintiffs' Complaint does not even reference Scottie Lees Graves except in the caption, such that Mr. Graves has failed to state any claims of his own against any of the Defendants. Based on these contentions, Defendants move to dismiss Plaintiffs' Complaint in its entirety.

Where a plaintiff has filed its pleadings *pro se*, courts must construe such pleadings, "however unskillfully pleaded," liberally. Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972)). However, in order to survive a Motion to Dismiss, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a federal right by someone acting under color of state law. "Like the state-action

7

Case 1:12-cv-00196-JAB-JLW   Document 15   Filed 03/11/13   Page 7 of 13

requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Inc. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (quotations and citation omitted). Therefore, the first matter the Court must address in this case is whether Plaintiffs have sufficiently alleged that one or more Defendants acted under color of state law.

With regard to Defendant Sellars, Plaintiffs allege that Defendant Sellars engaged in an "unwarranted physical assault" against Mrs. Graves at some time after Mrs. Graves shoplifted items from a Belk Department Store. (Compl. Sec. III). Such facts appear to invoke a § 1983 claim premised on the use of "excessive force" in violation of Mrs. Graves' Fourth Amendment rights. However, Plaintiffs have failed to allege any facts regarding who Defendant Sellars is and/or in what capacity he approached and interacted with Mrs. Graves on October 14, 2011. The Court notes that in the Response to Defendants' Motion to Dismiss, Plaintiffs refer to Defendant Sellars as a "rove [sic] cop." That statement alone, however, does not permit the Court to infer from the Complaint that Defendant Sellars was acting in any type of law enforcement or other capacity such that his actions could be construed as being taken under color of state law. Therefore, to the extent that Plaintiffs assert a § 1983 claim against Defendant Sellars, Plaintiffs have failed to sufficiently allege that Defendant Sellars was acting under color of state law and, therefore, have failed to state a claim upon which relief can be granted.

To the extent that Plaintiffs also allege § 1983 claims against Defendants Belk, Kane, and

Bailey, it appears that such claims are based on the underlying conduct allegedly committed by Defendant Sellars. In that regard, the Court notes at the outset that Defendants Belk, Kane, and Bailey are all private persons that generally would not be subject to § 1983 liability. See American Mfrs. Mut. Inc. Co., 526 U.S. at 50, 119 S. Ct. at 985. Under certain circumstances, however, a plaintiff may maintain a § 1983 action against a private person based on that private person's own unconstitutional actions taken in connection with someone acting under color of state law. For example, where a private corporation employs special police officers, that corporation may be liable under § 1983, but "*only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978). "[A] private corporation is not liable under § 1983 for torts committed by special police officers when such liability is predicated solely upon a theory of respondeat superior." Austin, 195 F.3d at 728; see Monell, 436 U.S. at 691, 98 S. Ct. at 2036. Furthermore, where a plaintiff brings a § 1983 against a private party, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 2754, 73 L. Ed. 2d 482 (1982); Phillips v. Pitt County Mem'l Hosp., 572 F.3d 176, 181 n.6 (4th Cir. 2009) ("[P]rivate parties may theoretically be sued under § 1983 using several theories, labeled as 'symbiotic relationship; public function; close or joint nexus; joint participation; and pervasive entwinement.'" (citation

9

omitted)); see also Jackson v. Pantazes, 810 F.2d 426, 429 (4th Cir. 1987) (recognizing potential § 1983 liability "where a private party and a public official act jointly to produce the constitutional injury").

In the present case, although Defendants Belk, Kane, and Bailey could theoretically be subject to § 1983 liability under certain circumstances, as discussed above, the Court notes that Plaintiffs have failed to allege any facts against Defendants Belk, Kane, and Bailey to support any of the theories described above. Specifically, the Court notes that the only facts alleged regarding Defendants Kane and Bailey are that they are a Belk store manager and an assistant manager, respectively. Plaintiffs make no allegations connecting Defendants Kane and Bailey to either Defendant Sellars or to the events alleged in this case. Moreover, even if Plaintiffs had alleged a connection between Defendants Kane, Bailey, and Sellars, Plaintiffs have failed to allege that Defendant Sellars was acting under color of state law. As such, Plaintiffs have also failed to allege any nexus or joint participation between Defendants Kane and Bailey and any state actor or agent. In addition, Plaintiffs make no factual allegations at all against Defendant Belk. The only reference to "Belk" is the statement that Mrs. Graves "put clothes in a bag and walked out of Belk." (Compl. Sec. III). In fact, Plaintiffs do not even list Defendant Belk in the section of the Complaint denoting the parties of this case. Rather, Plaintiffs merely list Defendant Belk in the initial caption of the Complaint and include no accompanying facts about Defendant Belk or its relation to this case. Therefore, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted as against Defendants Belk, Kane, and Bailey.

Based on the foregoing, the Court will grant in part and deny in part Defendants' Motion to Dismiss. Specifically, the Court will grant Defendants' Motion with regard to all claims asserted by Plaintiff Scottie Lee Graves. In doing so, the Court notes that although Mr. Graves appears as a Plaintiff in this case, he does not make any allegations on his own behalf as against any of the Defendants. Mr. Graves does not allege that he was present at the time of the alleged events in this case, nor does he allege that any of the conduct at issue in this case was directed at him, personally. In fact, the Complaint does not even refer to Mr. Graves by name, except in the caption, and does not otherwise describe the basis for Mr. Graves' being a Plaintiff in this case. Rather, the only reference to Mr. Graves is as follows: "Plaintiff's injuries have caused her and her husband to obtain counseling." (Compl. Sec. III). Based on these facts, the Court concludes that Mr. Graves has failed to state a claim on his own behalf upon which relief can be granted. Moreover, to the extent that Mr. Graves means to join the § 1983 claim based on the alleged excessive force used against Mrs. Graves, in violation of Mrs. Graves' Fourth Amendment rights, such a claim fails as a matter of law. Mr. Graves may only bring a § 1983 claim "based upon a violation of [his] personal rights, and not the rights of someone else. Thus, regardless of what happened to [Mr. Graves' wife], this case turns upon whether [Mr. Graves] personally suffered any deprivation of a constitutional right possessed by him individually." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted); see also Howerton v. Fletcher, 213 F.3d 171, 173 (4th Cir. 2000) ("[T]he question is not whether the officer acted reasonably vis-a-vis the world at large. Rather, the question is whether the officer acted reasonably *as against the plaintiff*."). Therefore, the Court will grant Defendants' Motion to

Dismiss as to all claims asserted by Plaintiff Scottie Lee Graves, and all such claims will be dismissed with prejudice.

With regard to claims asserted by Plaintiff Lisa Graves, however, the Court finds that, although the Complaint in this case lacks the factual sufficiency to state a claim against any of the Defendants at this time, Mrs. Graves, a *pro se* Plaintiff, could potentially state a claim against one or more of the Defendants if given the opportunity to amend her Complaint in a manner that cures the deficiencies noted above. In that regard, the Court will deny Defendants' Motion to Dismiss without prejudice as to the claims asserted by Mrs. Graves, and will permit Mrs. Graves, alone, to file an Amended Complaint within fourteen (14) days after the date of this Memorandum Opinion and Order. If Mrs. Graves fails to file an Amended Complaint within the time period permitted, the Court will, without further notice, issue an Order dismissing this case with prejudice. If, however, Mrs. Graves does file an Amended Complaint within the time period permitted, Defendants may file a second Motion to Dismiss within twenty-one (21) days after Mrs. Graves files her Amended Complaint for the Court's consideration.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Appointment of Counsel [Doc. #13] is hereby DENIED. IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [Doc. #9] is hereby GRANTED IN PART and DENIED IN PART, as set forth herein. Specifically, IT IS ORDERED that Defendants' Motion to Dismiss is hereby GRANTED as to all claims asserted by Plaintiff Scottie Lee Graves, and such claims are hereby DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is DENIED WITHOUT PREJUDICE as to all claims asserted by Plaintiff Lisa

Graves. In that regard, Plaintiff Lisa Graves, alone, may file an Amended Complaint within fourteen (14) days after the date of this Memorandum Opinion and Order. If Plaintiff Lisa Graves fails to file an Amended Complaint within the time period permitted, the Court will, without further notice, issue an Order dismissing this case with prejudice. If, however, Plaintiff Lisa Graves does file an Amended Complaint within the time period permitted, Defendants may file a second Motion to Dismiss within twenty-one (21) days after Lisa Graves files her Amended Complaint for the Court's consideration.

This the 11th day of March, 2013.

_____
United States District Judge